UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY P. MIELE, III,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>　　　Defendants. | Case No. 15-cv-00199-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR EXIGENT RELIEF UNDER 28 U.S.C. § 1651**<br><br>Re: ECF No. 76 |

　　Mr. Miele III moves for exigent relief under the All Writs Act on his remaining claims against Franklin Resources.[1] Under the All Writs Act, courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Injunctive relief under the Act is, however, "to be used sparingly and only in the most critical and exigent circumstances." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (internal quotations omitted). Indeed, an injunction is appropriate "only if the legal rights at issue are indisputably clear." *Id.* (internal quotations omitted). The Act thus does not grant "plenary

---

[1] *See* Amended Compl. — ECF No. 17, ¶¶ 148–160; Order — ECF No. 45 at 35; Motion for Writ — ECF No. 76. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court incorporates by reference the statement of facts in its order at ECF No. 45 and assumes familiarity with those facts here. (*See* Order — ECF No. 45 at 2–10.)

ORDER (No. 15-cv-00199-LB)

power to the federal courts[;] [r]ather, it is designed to aid the courts in the exercise of their jurisdiction." *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).

Under the All Writs Act, Mr. Miele III asks that the court order Franklin Resources to re-issue the allegedly misplaced securities and pay accrued but unpaid dividends under Delaware Code section 8-405 and Delaware Corporations Code section 168(b).[2] Section 8-405 provides that in the case of a lost, destroyed, or stolen certificated security, the security-issuer must issue a new certificate if the security-owner: "(1) so requests before the issuer has notice that the certificate has been acquired by a protected purchaser; (2) files with the issuer a sufficient indemnity bond; and (3) satisfies other reasonable requirements imposed by the issuer." 6 Del. C. § 8-405(a). Even where these requirements are satisfied, an issuer need not re-issue a certificate if "[1)]the owner fails to notify the issuer" that the security was lost, destroyed, or stolen "within a reasonable time after the owner has notice of it and [2)] the issuer registers a transfer of the security before receiving notification [from the owner]." *Id.* § 8-406.

The court denies Mr. Miele III's motion. The relief that he seeks does not aid in the court's jurisdiction, but instead attempts to "resolve finally the captioned action" in its entirety.[3] The All Writs Act is not the proper mechanism here: Mr. Miele III effectively leap-frogs the remaining discovery, dispositive motions, and trial to reach a decision on the merits.[4]

To support his use of the All Writs Act to accomplish this end, Mr. Miele III cites *Stern v. South Chester Tube Co.*, 390 U.S. 606 (1968). In that case, the plaintiff-stockholder sued to inspect the books and records of the defendant-corporation. *Id.* at 606–07. Because the plaintiff had an undoubtable right to inspect the defendant's records under applicable state law (and because there was no adequate remedy at law), the district court could enforce this right under the All Writs Act. *Id.* at 609–10.

---

[2] *See* Motion for Writ — ECF No. 76.

[3] *Id.* at 1; Reply — ECF No. 91 at 15.

[4] Reply at 8, 14.

ORDER (No. 15-cv-00199-LB)    2

1    Here, unlike *Stern*, it is not indisputably clear that Mr. Miele III is entitled to the relief he
2 seeks. Contrary to his assertions, the One Beacon indemnity bond does not resolve the matter;
3 there are remaining disputes as to the other elements of section 8-405 and the applicability of the
4 section 8-406 defense. And, that One Beacon "is under no obligation to keep its commitment
5 open" does not amount to critical and exigent circumstances to grant summary relief.[5] Mr. Miele
6 III may in the end be victorious — *e.g.* if Franklin Resources cannot produce evidence that the
7 section 8-406 defense applies — but that is an issue for summary judgment or trial, not the All
8 Writs Act.

9    For these reasons and those stated on the record, and having considered Mr. Miele III's August
10 4 submission,[6] the court denies Mr. Miele III's motion for exigent relief.

11    This disposes of ECF No. 76.

12    **IT IS SO ORDERED.**

13    Dated: August 8, 2016

14    _____
15    LAUREL BEELER
    United States Magistrate Judge

---

[5] Motion for Writ — ECF No. 76-1 at 2–3.
[6] Affidavit in Support of Motion — ECF No. 103.

ORDER (No. 15-cv-00199-LB)                3