UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY P. MIELE, III, | Case No. 15-cv-00199-LB |
| Plaintiff, | |
| v. | **ORDER REVIEWING CLERK'S TAXATION OF COSTS** |
| FRANKLIN RESOURCES, INC., et al., | Re: ECF No. 205 |
| Defendants. | |

## INTRODUCTION

The plaintiff Anthony P. Miele III sued Franklin Resources and Charles Johnson (Franklin Resources's former President, CEO, and Board Chairman) for allegedly mishandling shares of Franklin common stock that his father bought for him in 1973.[1] The court dismissed all of the claims against Mr. Johnson and most of the claims against Franklin for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] The court granted summary judgment for

---

[1] *See* Amend. Compl. – ECF No. 17. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 45.

Franklin on the two remaining claims: (1) wrongful registration and (2) replacement of lost, destroyed, or wrongfully taken security certificates.[3] The Ninth Circuit affirmed the judgment.[4]

The Clerk of Court taxed $53,417.24 in costs, and the plaintiff moved for review of them.[5] The court can decide the motion without oral argument. Civ. L. R. 7-1(b). The court taxes costs of $48,312.59.

## STATEMENT

On April 20, 2017, the court entered judgment.[6] On May 3, 2019, Franklin filed a bill of costs totaling $81,133.19.[7] Mr. Miele objected to the costs bill.[8] On July 20, 2017, the Clerk of Court taxed costs totaling $53,417.24.[9] The parties briefed the taxation of costs, and at the plaintiff's request, the court stayed the motion pending the Ninth Circuit appeal.[10] The Ninth Circuit affirmed the undersigned's judgment and denied the plaintiff's petition for panel rehearing and alternative motion for certification to the Delaware Supreme Court.[11] The parties then stipulated to renew the motion.[12]

## GENERAL STANDARDS FOR TAXING COSTS

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am.*

[3] Order – ECF No. 194 at 2.

[4] *Miele v. Franklin Resources, Inc.*, No. 17-16030, slip op. (9th Cir. Nov. 23, 2018) – ECF No. 212.

[5] Clerk's Taxing of Costs – ECF No. 204; Motion – ECF No. 205. At the plaintiff's request, the court stayed the motion to review costs pending the Ninth Circuit appeal. Order – ECF No. 210.

[6] Order – ECF No. 194.

[7] Defendant's Bill of Costs – ECF No. 196 at 2.

[8] Objections – ECF No. 197.

[9] Clerk's Taxing of Costs – ECF No. 204 at 2.

[10] Mot. – ECF No. 205; Opp. – ECF No. 207; Reply – ECF No. 209; Order – ECF No. 210.

[11] *Miele*, No. 17-16030, slip op. – ECF No. 212; *id.*, Order (9th Cir. Jan. 8, 2019) – ECF No. 213.

[12] Stipulation and Order – ECF No. 216.

*Educators v. State of Cal.,* 231 F.3d 572, 591 (9th Cir. 2000). The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003)

A district court has discretion to deny costs, but it must specify its reasons for doing so. *Ass'n of Mexican–Am. Educators,* 231 F.3d at 591–92. Examples of reasons that support denying costs include some impropriety on the part of the prevailing party (including misconduct or bad-faith practices), a nominal recovery, a losing party's indigence or limited financial resources, whether the issues in the case were close or difficult, a chilling effect on civil rights plaintiffs of modest means, and whether the case presented a landmark issue of national importance. *See id.* at 592; *see also Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Competitive Techs. v. Fujitsu Ltd.*, No. C–02–1673 JCS, 2006 WL 6338914, at *3 (N.D Cal. Aug. 23, 2006). Inflated costs sometimes result in "diminished award[s]" and sometimes result in denying of taxable costs altogether. *See, e.g.*, *Jansen v. Packaging Corp. of Am.,* 898 F. Supp. 625, 629 (N.D. Ill. 1995).

Unless otherwise authorized by statute or contract, 28 U.S.C. § 1920 limits the costs that a court may award under Rule 53(d) to the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54–3 provides guidance regarding the taxable costs in each category.

A bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54–1(a). A party seeking costs must provide an affidavit saying that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each

item claimed must be attached to the bill of costs." *Id.* "With regard to individual itemized costs, 'the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.'" *City of Alameda v. Nuveen Mun. High Income Opportunity Fund,* No. C 08–4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002)).

The court reviews *de novo* the clerk's taxation of costs. *Lopez v. San Francisco Unified Sch. Dist.,* 385 F.Supp.2d 981, 1001 (N.D. Cal. 2005).

## ANALYSIS

### 1. No Denial of Costs Entirely

The plaintiff contends that the court should deny costs entirely because the plaintiff has "very limited financial resources," and there is a significant gap between the financial resources of Mr. Miele and Franklin, which has a market capitalization of over $24 billion.[13] Franklin responds that its financial ability is not a basis to deny costs, and the plaintiff has not "proffered any actual evidence to support his representation . . . that he will endure a hardship if compelled to pay costs of $53,417.24" particularly given his representations in the case about his financial position.[14] In his reply, the plaintiff argues that denial of costs also is justified because awarding costs would create a chilling effect on future shareholders and because the issues in the case were close.[15]

Appropriate reasons for denying costs to a prevailing party include but are not limited to the following: (1) the substantial public importance of the case; (2) the closeness and difficulty of issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited resources; and (5) the economic disparity between the parties. Fed. R. Civ. P. 54(d)(1); *see Draper v. Rosario,* 836 F.3d 1072, 1087 (9th Cir. 2016).

---

[13] Mot. – ECF No. 205 at 4.

[14] Opp. – ECF No. 207 at 8–9; *see id.* at 8 (summarizing the plaintiff's statements about his assets during the proceedings); *id.* at 9.

[15] Reply – ECF No. 209 at 5–6.

Mr. Miele has not shown that that his alleged lack of resources or the parties' relative financial positions militate in favor of denying costs entirely, especially given his representations during the case about his finances. The other factors he cites — a chilling effect on future shareholders and the closeness of the issues — do not support denying costs either. His lawsuit involved the alleged mishandling of his shares of Franklin Resources based in part on the actions of a family friend (Gene Mulvihill).[16] The court cannot see how this case-specific issue creates a chilling effect on future shareholders. Moreover, the issues in the case were not close. Considering the factors, the court denies the motion to dispense with costs entirely.

## 2. Reduction of Costs

Franklin asks the court to tax $53,417.24 in costs (the same amount taxed by the Clerk). The plaintiff argues that costs in three categories should be reduced or eliminated: deposition costs, reproduction costs, and costs for obtaining government records.[17] The court disallows some costs. The following chart summarizes the parties' positions and the court's taxing of costs:

| Category | Defendant's Request | Plaintiff's Request | Amount Awarded |
|---|---|---|---|
| Deposition transcript/video recording | $38,688.12 | $15,166.00 | $34,080.97 |
| Reproduction of deposition exhibits | $3,853.15 | $295.90 | $3,355.65 |
| Government records | $10,111.88 | $0 | $10,111.88 |
| Disclosure/formal discovery documents | $132.09 | $132.09 | $132.09 |
| Witness fees | $632.00 | $632.00 | $632.00 |
| **Total** | **$53,417.24** | **$16,255.99** | **$48,312.59** |

---

[16] Order – ECF No. 194 at 4–7.

[17] Mot. – ECF No. 205 at 5–8.

### 2.1 Deposition Costs

Franklin seeks $38,688.12 for deposition costs (the same amount taxed by the Clerk).[18] The plaintiff asks for a reduction to $15,166 on the following grounds: (1) certain supplemental deposition costs (such as "litigation package," OCR scans, digitizing and transcript synchronization, and rough ASCI transcripts) are not allowable under Local Rule 54-3(c)(1), which allows the costs for an original and one copy; (2) shipping transcripts on an expedited basis is not taxable; and (3) Franklin cannot recover the costs for video depositions if it is recovering costs for written transcripts.[19]

Courts may tax costs of "printed or electronically recorded deposition transcripts (audio or video) if the transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Whether costs for depositions or transcripts are necessary is determined at the time the depositions are taken. *Colosi v. Jones Lang LaSalle Americas, Inc.* 781 F.3d 293, 295 (6th Cir. 2015); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445 455 (7th Cir. 1998). Civil Local Rule 54-3(c) has the following standard for taxing deposition costs:

> (1) The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.
>
> (2) The expenses of counsel for attending depositions are not allowable.
>
> (3) The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.
>
> (4) Notary fees incurred in connection with taking depositions are allowable.
>
> (5) The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

Civ. L.R. 54-3(c)(1)–(5).

The court disallows costs for "rough ASCII" or "rough draft" transcripts on the ground that Franklin has not met its burden to show that they were necessary. 28 U.S.C. § 1920(d). Franklin nonetheless argues that the rough transcripts were necessary because two attorneys took or

---

[18] Opp. – ECF No. 207 at 9; Clerk's Bill of Costs – ECF 204 at 1.

[19] Mot. – ECF No. 205 at 5.

defended more than 20 depositions in five states of critical witnesses, and the tight timeframe required the transcripts (and associated costs, such as expedited delivery fees).[20] To support this argument, Franklin cites *Meier v. United States*, No. C 05-04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009), where the court denied the plaintiff's motion to review costs associated with expediting depositions, including associated messenger and handling fees.

*Meier* does not change the outcome. The court there taxed costs for expedited shipping because — while extra delivery or messenger fees are not normally taxable — the depositions were expedited to accommodate the tight schedule that the plaintiff requested. *Id.* at *2 (citation omitted). By contrast, the record here does not show that the plaintiff was responsible for the tight schedule. In *Vectren Comms. Servs. v. City of Alameda*, for example, the court held that the circumstances did not warrant the award of costs for expedited transcripts when — unlike in *Meier* — the prevailing party did not show that the expedited costs "were requested by [the non-prevailing plaintiff], as opposed to jointly agreed upon or otherwise set by the court." No. C. 08-3137 SI, 2014 WL 3612754, at *3–4 (N.D. Cal. July 22, 2014). The *Vectren* court exercised its discretion and declined to impose costs. *Id.* at *4; *see also PNY Tech., Inc. v. Miller, Kaplan, Arase & Co., LLP*, No. 15-cv-01728-MMC, 2017 WL 3712107, at *2 (N.D. Cal. Aug. 29, 2017) (disallowing costs for rough transcripts); *Finley v. Hartford Life & Acc. Ins. Co.*, No. C 06–06247 CW, 2011 WL 332673, at *3 (N.D. Cal. Jan. 31, 2011) (same). The court similarly declines to award the costs and deducts $4,439.15 for costs for "Rough ASCII" or "rough draft."[21]

The Clerk's Office disallowed category two ($9,367.60 for expedited shipping), which is appropriate for the same reasons.[22]

---

[20] Opp. – ECF No. 207 at 10.

[21] Holmes Decl. Ex. B – ECF No. 196-3 at 8, 10, 12, 14, 15, 18, 20, 21, 23, 25, 28, 30, 34, 38, 40, 42, 43.

[22] Clerk's Taxing of Costs – ECF No. 204 at 1. The Clerk disallowed $9,367.60, the amount in the plaintiff's objection to costs for expedited shipping. Objections – ECF No. 197 at 6; *see* Mot. – ECF No. 205 at 3.

The court also exercises its discretion and disallows $168 for "litigation package" on the ground that Franklin did not meet its burden to show that they were necessarily obtained for the case.[23] *See PNY Tech.*, 2017 WL 3712107, at *2 (disallowing costs for "Litigation Package") (citation omitted).

The plaintiff also objects to costs for both video depositions and written transcripts. The court denies the plaintiff's motion.

A prevailing party may recover the costs of both the stenographic transcription and the video recording "as long as both are necessarily obtained for use in the case." Cal. Prac. Guide: Fed. Civ. P. before Trial § 19:128 (The Rutter Guide 2019) (quoting 28 U.S.C. § 1920(2) and collecting cases). Previously, some courts interpreted this district's local rule to require that the "copy" be in the same format as the "original" because the second copy (the electronic format) "is obtained merely as a convenience for counsel." *Hesterberg v. United States of Am.*, 75 F. Supp. 3d 1220, 1226 (N.D. Cal. 2014) (collecting cases). But recently, the trend in the district is to allow costs for the original deposition copy and a copy, in whatever format (including a video recording). *Id.* (collecting cases). The court allows the costs.

The total allowed costs for depositions are $34,080.97.

### 2.2 Reproduction Expenses for Deposition Exhibits

Franklin incurred actual copying costs of $3,853.15 based on copying costs of $0.35 and $0.40 per page.[24] The plaintiff argues that these per-page charges are unreasonable and instead the per-page cost should be $.0.10, which results in copying costs of $295.90.[25] The plaintiff also argues that Franklin's costs of $497.50 for folders and redwells are not taxable costs.[26]

First, Franklin has not met its burden to show that the folders and redwells are taxable copying costs. *Cf. Muniz v. USPS*, No. C 09–1987 CW, 2011 WL 3740808, at *5 (N.D. Cal. Aug. 23, 2011) (disallowing costs for supplies). The court disallows $497.50.

---

[23] Holmes Decl. Ex. B – ECF No. 196-3 at 5, 7, 14, 20.

[24] Opp. – ECF No. 207 at 11–12.

[25] Mot. – ECF No. 205 at 6–7.

[26] *Id.* at 6; *see* Holmes Decl. Ex. C. – ECF No. 196-4 at 7, 8, 9, 13, 14, 20, 30, 34.

Second, costs for exemplification are recoverable when necessary for use in a party's case. 28 U.S.C. § 1920(4). The issue here is only whether Franklin's actual per-page market-rate costs — through an outside vendor — are recoverable (as opposed to the plaintiff's suggested per-page rate of $0.10).

To support its argument that the taxable per-page costs should be $0.10, the plaintiff relies on two cases. In *Pierson v. Ford Motor Co.*, the prevailing defendant sought per-page copying costs of $0.25 for its "in-house copying charges." No. C 06-6503-PJH, 2010 WL 431883, at *7 (N.D. Cal. Feb. 2, 2010). The court reduced the costs to $0.10 per page, applying Ninth Circuit Rule 39.1.3, which limited taxable costs to $0.10 per page. *Id.* In *Van v. Language Line, LLC*, the court similarly reduced per-page copying costs from $0.25 per page to $0.10 where the non-prevailing plaintiff "appear[ed] to have done th[e] copying personally and provide[d] no invoices." No. 14-CV-03791-LHK, 2016 WL 5339805, at *18 (N.D. Cal. Sept. 23, 2016). Those cases — which involved in-house or personal copying — do not compel the conclusion that actual copying costs (supported by invoices) are not compensable.[27] Courts generally limit in-house copying costs to what is fair and reasonable. Cal. Prac. Guide: Fed. Civ. P. before Trial § 19:175 (collecting cases). In this case, fair and reasonable costs do not exceed the actual charges of an outside vendor, and the court awards them. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994). The court taxes the actual copying costs of $3,355.65.

## 2.3 Government Records

Franklin claims $10,111.88 in costs for requests to the New Jersey Bureau of Securities for account statements of F.N. Wolf and Co. and Gene Mulvihill as nominee.[28] The plaintiff contends that the court should disallow them because they were not produced to the plaintiff or presented to the court.[29] Franklin counters that the records — which included handwriting exemplars and

---

[27] *Id.*; *see* Holmes Decl. Ex. C – ECF No. 196-4 at 2–4. This case does not involve taxable costs for the Ninth Circuit appeal.

[28] Molumphy Decl. – ECF No. 207-1 at 2 (¶ 4).

[29] Mot. – ECF No. 205 at 7.

trading records related to the Franklin shares at issue in the case — were "essential to Franklin's defense in this case, and its readiness for trial."[30]

The court's intervening summary judgment in favor of Franklin obviated the need for the records at trial. That does not mean that they were not necessary at the time that Franklin sought them. For the reasons provided by Franklin,[31] the court holds that they were necessary for Franklin's case and taxes $10,111.88 for the records.

## CONCLUSION

The court taxes total costs of $48,312.59. The parties' positions by category and the court's ultimate rulings also are contained in the chart in the beginning of the Analysis section, *supra*.

**IT IS SO ORDERED.**

Dated: April 8, 2019

LAUREL BEELER
United States Magistrate Judge

---

[30] Opp. – ECF No. 207 at 12–14; Molumphy Decl. – ECF No. 207-1 at 3 (¶ 4).
[31] Opp. – ECF No. 207 at 12–14; Molumphy Decl. – ECF No. 201-1 at 3 (¶ 4).